

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



In the Matter of the Arbitration
Between

NAVNEET PUBLICATIONS (INDIA) LIMITED,

                      Petitioner,

      -against-

AMERICAN SCHOLAR, INC. and
NATIONAL PAPER PRODUCTS, INC.,

              Respondents.

08 Civ.

**NOTICE OF PETITION TO**
**CONFIRM ARBITRATION**
**AWARD**
(9 U.S.C. § 9)

ECF Case

      **PLEASE TAKE NOTICE** that, upon the pleadings herein, the Petitioner will petition

this Court on August 28, 2008, at 9:30 a.m., or as soon thereafter as counsel can be heard, for an

Order pursuant to 9 U.S.C. § 9 confirming two arbitration awards, dated May 27, 2008 and July

14, 2008, and entering judgment confirming the awards; and for such other and further relief as

may be just and proper, together with the costs, disbursements and attorneys' fees of this

proceeding.

Dated: New York, New York
       July 30, 2008

                     DAVIS & GILBERT LLP

                By: _Scott M. Singer_____

                   Howard J. Rubin
                   Scott M. Singer
                   1740 Broadway
                   New York, New York 10019
                   (212) 468-4800
                   hrubin@dglaw.com
                   ssinger@dglaw.com
                   *Attorneys for Petitioner Navneet*
                   *Publications (India) Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration<br>Between<br><br>NAVNEET PUBLICATIONS (INDIA) LIMITED,<br><br>Petitioner,<br><br>-against-<br><br>AMERICAN SCHOLAR, INC. and<br>NATIONAL PAPER PRODUCTS, INC.,<br><br>Respondents. | 08 Civ. _6 8 / 8_<br><br>**PETITION TO CONFIRM<br>ARBITRATION AWARD**<br>(9 U.S.C. § 9)<br><br>ECF Case |

Petitioner Navneet Publications (India) Limited ("Navneet"), for its Petition to confirm an arbitration award, alleges as follows:

<u>**NATURE OF THE PETITION**</u>

1.    This is a Petition made in accordance with 9 U.S.C. § 9 to confirm two arbitration awards rendered under the parties' distribution agreement.

<u>**JURISDICTIONAL ALLEGATIONS**</u>

2.    Navneet is a foreign corporation organized under the laws of India with its principal place of business at Bhavani Shankar Road, Dadar (West), Mumbai 400 028, India.

3.    Respondent American Scholar, Inc. ("American Scholar") is a corporation organized under the laws of the State of New York with offices at 335 Crooked Hill Road, Brentwood, New York 11717.

4.    Respondent National Paper Products, Inc. ("National Paper") is a corporation organized under the laws of the State of New York with offices at 335 Crooked Hill Road, Brentwood, New York 11717.

5.      This Court has jurisdiction of this matter pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. (the "Arbitration Act"), Section 4, and 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and more than $75,000, exclusive of interest and costs, is at stake in this controversy.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the arbitration agreement is silent as to the court in which an action to enforce an arbitration award should be filed and this is the United States District Court in and for the judicial district in which the arbitration award sought to be confirmed was made.

## BACKGROUND

7.      On or about January 1, 2002, Navneet entered into a written distribution agreement (the "Agreement") with American Scholar and National Paper.  The Agreement named American Scholar and National Paper as part of the contracting party, the "Distributor," defined as "National Paper / American Scholar and / or Bharat Rao."

8.      The Agreement, a true and correct of which is attached is Exhibit A, provides that:

> Any disputes, controversies, claims or differences between the parties hereto aris[ing] out of, under [or] by virtue of this agreement shall be settled by arbitration in accordance with the rules of the American Arbitration Association; which shall be arbitrated in NYC; by which each party is bound hereto.

(Exhibit A, ¶ 16.)

9.      In or about 2006, a dispute arose between the parties that was subject to the arbitration provision of the Agreement.  The dispute involved monies due to Navneet for paper products that Navneet sold and delivered to Respondents American Scholar and National Paper, but for which Respondents failed to pay.

2

10.    On or around May 21, 2007, Navneet filed a demand for arbitration and the parties submitted the dispute to arbitration before the American Arbitration Association in accordance with the arbitration clause of the Agreement. Before submission of this dispute to arbitration, Respondents American Scholar and National Paper demanded that Navneet arbitrate any and all disputes under the Agreement instead of proceeding to court.

11.    On or around June 19, 2007, Respondents filed an answer to the demand for arbitration.

12.    On April 15, 2008, Navneet moved for summary judgment on its claims against Respondents in accordance with the pre-hearing scheduling order of the arbitration. On May 2, 2008, Respondents filed an affirmation and an Affidavit in opposition to Navneet's motion and in support of an award for summary judgment in National's favor. On May 13, 2008, Navneet filed its reply memorandum of law.

13.    Based on all of the evidence, the arbitrator issued a written Partial Final Award dated May 27, 2008 ("Partial Final Award"), a true and correct copy of which is attached as Exhibit B.

14.    The Partial Final Award states in pertinent part that "Claimant's Motion for Summary Judgment is granted as against Respondent American to the extent of $2,351,277.05 invoiced by Claimant, and remaining unpaid by Respondents, for goods sold and delivered." (Exhibit B, § III.1.)

15.    The Partial Final Award was a final disposition of the issue of American Scholar's liability and damages to Navneet for goods sold and delivered by Navneet and remaining unpaid.

3

16.     On June 10, 2008, after due notice to all parties, the arbitrator duly held a hearing at the International Centre for Dispute Resolution at the offices of the American Arbitration Association at 1633 Broadway, New York, New York to address all of the remaining issues in the arbitration.  Respondents and their counsel appeared at the hearing and called a witness and presented evidence on their behalf.

17.     After the hearing, the parties made post-hearing submissions as agreed upon at the hearing.

18.     After these submissions, the arbitrator issued his written Final Award, dated July 14, 2008 ("Final Award"), a true and correct copy of which is attached as Exhibit C.

19.     The Final Award states in pertinent part that "National [Paper] is found to be a party to the Agreement and as such is directly liable along with American [Scholar] for any breaches thereof and liabilities therefrom."  (Ex. C, § 3.8.)

20.     The Final Award provides that "Respondent National shall pay Claimant the sum of $2,351,277.05 invoiced by Claimant and remaining unpaid by Respondents for goods sold and delivered. " (*Id.*, § 5.1.)

21.     The Final Award further provides that:

a.     "Respondents shall pay to Claimant the sum of $451,207.05 as pre-Award interest on the amount set forth in §5.1 above." (*Id.*, § 5.2).

b.     "Respondents shall pay to Claimant, as post-Award interest at the rate of 9%, simple interest on any unpaid portion of the amounts owing under §§ 5.1 and 5.2 above from 30 days following the date of this Award." (*Id.*, § 5.3.)

c.     "Claimant's claims for reasonable attorneys' fees and costs against Respondents is granted to the extent of $100,000.00." (*Id.*, § 5.4)

4

d. "…Respondents shall reimburse Claimant the sum of $39,140.50 representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant, upon demonstration that these incurred costs have been paid." (*Id.*, § 5.5).

22.    Navneet paid all of the $39,140.50 awarded under Section 5.5 of the Final Award and therefore is entitled to recover the entire $39,140.50 from Respondents. A true and correct copy of a statement from the American Arbitration Association demonstrating that Navneet has paid these incurred costs is attached as Exhibit D.

23.    In total, the Final Award awarded Navneet an additional $590,347.55 against American Scholar and $2,941,624.60 against National Paper.

24.    The Final Award was a final disposition of all remaining issues in the arbitration.

25.    Copies of the Partial Final Award and Final Award were delivered to Respondents' counsel.

## COUNT I

26.    Navneet hereby realleges and incorporates by reference all preceding paragraphs of the Petition as if fully set forth herein.

27.    The Partial Final Award dated May 27, 2008, is a final award under the Federal Arbitration Act, 9 U.S.C. § 9.

28.    American Scholar has failed to voluntarily satisfy the Partial Final Award in the time since it was made. Therefore, a judgment on the arbitration award is needed to permit that Navneet enforce it.

29.    This Petition is authorized by the terms of the arbitration agreement, Section 9 of the Federal Arbitration Act, and the Partial Final Award itself.

30.    This Petition is timely because it is filed within one year after the Partial Final Award was made.

31.    Under 9 U.S.C. § 9, Navneet is entitled to judgment confirming the Partial Final Award requiring American Scholar to pay the sum of $2,351,277.05.

## COUNT II

32.    Navneet hereby realleges and incorporates by reference all preceding paragraphs of the Petition as if fully set forth herein.

33.    The Final Award dated July 14, 2008, is a final award under the Federal Arbitration Act, 9 U.S.C. § 9.

34.    Respondents have failed to voluntarily satisfy the Final Award in the time since it was made.  Therefore, a judgment on the arbitration award is needed to permit that Navneet enforce it.

35.    This Petition is authorized by the terms of the arbitration agreement, Section 9 of the Federal Arbitration Act, and the Final Award itself.

36.    This Petition is timely because it is filed within one year after the Final Award was made.

37.    Under 9 U.S.C. § 9, Navneet is entitled to judgment confirming the Final Award requiring American Scholar to pay the additional sum of $590,347.55 and requiring National Paper to pay $2,941,624.60, plus interest as provided in the Final Award.

38.    In total, Navneet is entitled to judgment confirming both the Partial Final Award and Final Award requiring American Scholar and National Paper to pay $2,941,624.60, a total that is the sum of $2,351,277.05 (Partial Final Award, §III. 1 and Final Award, § 5.1),

$451,207.05 (Final Award, § 5.2), $100,000.00 (Final Award, § 5.4), and $39,140.50 (Final Award, § 5.5).

**WHEREFORE**, Navneet respectfully requests that:

A.      This Court make an Order confirming the Partial Final Award dated May 27, 2008 and the Final Award dated July 14, 2008, and directing that judgment be entered in favor of Petitioner against Respondents American Scholar, Inc. and National Paper Products, Inc., jointly and severally, in the amount of $2,802,484.10 together with interest thereon at the rate of interest of 9% per year from August 13, 2008, as well as in the amount of $139,140.50 together with post-judgment interest thereon.

B.      This Court enter a judgment that confirms the Partial Final Award and Final Award;

C.      Navneet be awarded its costs, disbursements, and attorneys' fees in this proceeding; and

D.      Navneet have such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 30, 2008

                        DAVIS & GILBERT LLP

                        By: _Scott M Singer_____
                             Howard J. Rubin
                             Scott M. Singer
                             1740 Broadway
                             New York, New York 10019
                             (212) 468-4800
                             hrubin@dglaw.com
                             ssinger@dglaw.com
                             *Attorneys for Petitioner Navneet*
                             *Publications (India) Limited*

# EXHIBIT - A

# NAVNEET PUBLICATIONS (INDIA) LIMITED

Export Division



## DISTRIBUTION AGREEMENT

This distribution agreement is made on the 1st Day of January 2002 by and between M/s. Navneet Publications (I) Ltd., Navneet Bhavan, Bhavani Shankar Road, Dadar (West), Mumbai 400 028, India. (Principal), domiciled in India and constituted under the Indian Laws as Principal for effect of this contract and National Paper / American Scholar and / or Bharat Rao, 200 Candlewood Road, Bay Shore, NY 11706 (Distributor).

**Article 1     :     Exclusive Agreement.**
This is an exclusive agreement of distribution between producer acting as Principal and Distributor acting as Independent Contractor. The Principal grants to the Distributor an exclusive agency in the assigned territories as defined herein below. The Distributor agrees to market and sell the Principal's Home, School & Office Products under the label National Paper / American Scholar. This agreement is null and void if majority ownership changes in either company, given each Sixty (60) days wind down period to finalize and conclude any pending matters. This agreement cannot be sold or transferred. The Principal agrees not to sell their Home, School & Office Products by themselves or to the following convertors / manufacturer companies: AMPAD, MEAD. Carolina Pad, Stuart Hall, Roaring Springs, Tomtex, Pentab or any other convertor / manufacturer that will sell in the distribution territory.

**Article 2     :     Relations between Principal and Distributor.**
The relation between Principal and Distributor will be that of Principal to principal and not as principal and Agent / Distributor and the Principal will not therefore be responsible or liable for the acts of the Distributor or for any amount due and payable by the Distributor to any other party.

**Article 3     :     Exclusive Buying**
Any Products that are manufactured by Navneet Publications (I) Ltd., for American Scholar / National Paper, will not be purchased by Distributor, from any other supplier in India, other than the principal.

**Article 4     :     Designation of Merchandise**
The principal authorize the Distributor the sell, of products produced by them under the label of National Paper / American Scholar or any private label program.

Branches: Ahmedabad, Pune, Nagpur, Chennai.

Navneet Bhavan, Bhavani Shankar Road, Dadar(W), Mumbai 400 028, India
e-mail: exports@navneet.com
Website: www.navneet.com
Tel.:(022) 432 3680, Fax: (022) 436 2135

# NAVNEET PUBLICATIONS (INDIA) LIMITED

Export Division

**Article 5    :    Assigned Territories**

This agreement is valid for all the states in the USA. Direct orders and correspondence from these territories sent to the Principal will be forwarded to the Distributor for adequate response. Further territories and accounts may be added upon agreement by both parties.

**Article 6    :    Confidentiality**

This agreement is in strict confidence and either party shall respect their right to their confidence. The Principal recognizes that customers referred by American Scholar are accounts of American Scholar and as such the Principal will not contact such customers for selling their Home, School & Office Products.

**Article 7    :    Term**

This agreement is effective for a period of Ten (10) years and shall automatically expire upon the expiration date, which is 31st December 2011. The parties hereto may enter into a new agreement for a Ten (10) years period commencing the expiration date of this agreement (or of any such new agreement) and containing all of the terms and provisions hereof, if both parties shall elect to enter into such a new agreement by notice in writing to the other party, dated not less than 30 days prior to the expiration of this agreement (of such new agreement).

**Article 8    :    Samples and Documents**

Samples of all merchandise and descriptive documents of all containers shipped will be sent regularly by the Principal to the Distributor.

**Article 9    :    Distributive Engagements**

The Distributor shall exert reasonable efforts to develop and promote the sale and distribution of the product in the territory. The Distributor shall sell the product in conformance with all applicable laws, rules and regulations within the territory.

**Article 10    :    Purchase Order, Dispatch Schedule and Payment**

The Delivery schedule and payment terms will be decided by both the parties and accordingly the principal shall issue the Proforma Invoice to the Distributor and the distributor shall accept it by placing the Purchase Order to the Principal.

**Article 11    :    Prices**

The prices are to be decided on an annual basis and confirmed by both the parties in writing.

Branches: Ahmedabad, Pune, Nagpur,
Chennai.

Navneet Bhavan, Bhavani Shankar Road,
Dadar(W), Mumbai 400 028, India
e-mail: exports@navneet.com
Website: www.navneet.com
Tel.:(022) 432 3680. Fax: (022) 436 2135.

# NAVNEET PUBLICATIONS (INDIA) LIMITED



Export Division

**Article 12  :  Quantity Guarantee**

The Distributor agrees to place the order of minimum 40 containers of 1 x 20' TEU in the first year of this agreement and then subsequently 10% increase in the quantity every year compared to the preceding year provided that both parties agree on the pricing structure.

**Article 13  :  Trademarks**

American Scholar and National Paper is the registered trademark and as such is to be exclusively distributed by American Scholar or other  Distributor given permission in writing by American Scholar / National Paper.

**Article 14  :  Force Majeurs**

Neither party hereto shall be liable for its failure to perform any obligations or disagreement, if such failure is caused by war, governmental regulations, fires, flood, acts of Gods and any other cause beyond its reasonable control.

**Article 15  :  Governing Law**

This agreement shall be governed by and constructed according to laws of the state of New York, USA.

**Article 16  :  Arbitration**

Any disputes, controversies, claims or differences between the parties hereto arise out of, under by virtue of this agreement shall be settled by arbitration in accordance with the rules of the American Arbitration Association; which shall be arbitrated in NYC; by which each party hereto is bound.

**Article 17  :  Notices**

All notices, requests, demands and other communications under this agreement or in connection herewith shall be given in writing and sent by registered airmail, telecopier, or telex or by other printout communication mechanisms and confirmed by registered mail and shall be deemed to have been made on the day when sent.

**Article 18  :  Changes to Agreement**

This agreement may not be changed in any way, unless such changes are in writing and signed by both the parties.

Branches: Ahmedabad, Pune, Nagpur, Chennai.

Navneet Bhavan, Bhavani Shankar Road, Dadar(W), Mumbai 400 028, India
e-mail: exports@navneet.com
Website: www.navneet.com
Tel.:(022) 432 3680. Fax: (022) 436 2135.

# NAVNEET PUBLICATIONS (INDIA) LIMITED

Export Division



The Parties hereto have caused this agreement to be executed by their duly authorized representatives as the day and year first written above.

### PRINCIPAL

Dated : 2ⁿᵈ December, 2001

| | | |
|---|---|---|
| Name | : | Mr. Dilip Sampat |
| Title | : | Director |
| Company | : | Navneet Publications (India) Ltd. |
| | | Navneet Bhavan, |
| | | Bhavani Shankar Road, |
| | | Dadar (West), |
| | | Mumbai – 400 028, |
| | | India |

Signature and Seal

### DISTRIBUTOR

Dated : _____

| | | |
|---|---|---|
| Name | : | Mr. Bharat Rao |
| Title | : | President |
| Company | : | American Scholar. |
| | | 200 Candlewood Road, |
| | | Bay Shore, NY 11706 |
| | | United States of America. |

Signature and Seal

Branches: Ahmedabad, Pune, Nagpur, Chennai.

Navneet Bhavan, Bhavani Shankar Road, Dadar(W), Mumbai 400 028, India
e-mail: exports@navneet.com
Website: www.navneet.com
Tel.:(022) 432 3680. Fax: (022) 436 2135.

# EXHIBIT - B

AMERICAN ARBITRATION ASSOCIATION
INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NAVNEET PUBLICATIONS (INDIA) LIMITED,            :   ICDR No. 50 155 T 00181 07

                            Claimant,             :

              -against-                           :

AMERICAN SCHOLAR, INC. and NATIONAL PAPER         :
PRODUCTS, INC.,
                                                  :
                            Respondents.
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PARTIAL FINAL AWARD

THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the
arbitration clause in the agreement entered into between the above-named parties and dated
January 1, 2002, ("Agreement") and having been duly sworn, and having heard the proofs and
allegations of the parties, does hereby render his PARTIAL FINAL AWARD, as follows:

I.      The Parties' Motions

On April 15, 2008, Claimant filed a Motion for Summary Judgment, and

Memorandum of Law in support thereof, on its claims against Respondents, American Scholar,

Inc. ("American") and National Paper Products, Inc. ("National") and dismissing Respondents'

set-off claims. On May 2, 2008 Respondents filed an Affirmation and an Affidavit in Opposition

to Claimant's Motion for Summary Judgment and in support of an Award of Summary Judgment

dismissing National from the arbitration. On May 13, 2008 Claimant filed its Reply

Memorandum of Law in further support of its Motion for Summary Judgment. On May 14, 2008

the Arbitrator issued an Order directing that Respondents produce "relevant, specified

documents" responsive to Claimant's document requests so that the issues underlying

Respondents' May 2, 2008, Motion to Dismiss might be addressed through testimony and oral

argument at the evidentiary hearing scheduled to begin on June 10, 2008.

31652779_V5

II.    Discussion

To date, Respondents have failed to produce evidence, in legally sufficient form, to demonstrate the existence of material facts in dispute relating to the rights, obligations and performance of Claimant under the Agreement. Preceding and subsequent to the Arbitrator's May 14, 2008 Order Respondents were directed, and given ample notice, to produce additional documents (by May 27, 2008 at the latest) relevant to the claims and defenses asserted by the parties and responsive to Claimant's document requests and to support their set-off claims. Respondents evidently have either refused (see Respondents' May 19, 2008 letter to the Arbitrator), or are unable, to do so. Further, in its May 19, 2008 letter Respondents assert that the Arbitrator lacks jurisdiction to determine whether National is a party to the Agreement directly or through application of the "alter ego" or "piercing corporate veil" doctrines. Article 15 (1) of the ICDR's International Arbitration Rules states that "[T]he tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Moreover, Article 15(3) provides that objection to the tribunal's jurisdiction or arbitrability of a claim shall be made "no later than the filing of the statement of defense . . . to the claim . . . that gives rise to the objection."

In assessing Respondents' allegations and assertions in their Affirmation and Affidavit in Opposition to Claimant's Summary Judgment Motion the Arbitrator concludes that the mostly unproven facts and claims therein cited by Respondents are in the nature of unpleaded counterclaims rather than set-off claims against the invoice value of goods sold and delivered to, and accepted by, Respondents pursuant to the Agreement.

The sixth set-off claim was settled by stipulation of the parties for a credit in the sum of $ 15,000.00.

III.    Order and Award

The Arbitrator hereby orders and issues his Award, as follows:

(1)    Claimant's Motion for Summary Judgment is granted as against Respondent American to the extent of $2,351,277.05 invoiced by Claimant, and remaining unpaid by Respondents, for goods sold and delivered, which reflects a stipulated $ 15,000.00 credit to Respondent American for settlement of its sixth set-off claim.

(2)    The amount of prejudgment and post-Award interest, costs and attorneys' fees shall be determined in the Final Award, following further written submissions or an evidentiary hearing, as the case may be, in accordance with this Order.

(3)    Decisions on the merits of Claimant's Motion for Summary Judgment as to claims against National and Respondents' Motion for Summary Judgment dismissing National from this arbitration are reserved pending the evidentiary hearing.

(4)    Respondents shall have until June 2, 2008 to assert counterclaims based on, and confined to, their third, fourth and fifth set-off claims and in that regard shall comply with the administrative requirements of the ICDR.

(5)    If Respondents fail to timely plead counterclaims per (4) above, the scheduled evidentiary hearing shall be limited to testimony and oral argument (a) on the issue of whether National is a proper party to the Agreement such that this Partial Final Award and the Final Award are binding upon National, and (b) as to any other claims not decided in this Partial Final Award.

(6)    This Partial Final Award shall take effect as of the close of business on May 27, 2008.

I hereby certify that, for purposes of Article 1 of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Partial Final Award was made in New York, New York, United States of America.

May 27, 2008                                           _Walter G. Gans_
Date                                                   Walter G. Gans

State of New York    )
                     )  ss:
County of New York  )

I, Walter G. Gans, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Partial Final Award.

May 27, 2008                                           _Walter G. Gans_
Date                                                   Walter G. Gans

# EXHIBIT C

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
International Arbitration Tribunal

Re: 50 155 T 00181 07

Navneet Publications (India) Limited
vs
American Scholar, Inc.
and National Paper Products, Inc.

## FINAL AWARD

THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration clause in the agreement entered into between the above-named parties and dated January 1, 2002, ("Agreement") and having been duly sworn, and having heard the proofs and allegations of the parties, does hereby render his FINAL AWARD, as follows:

### I.     BACKGROUND

1.1    In a Partial Final Award issued on May 27, 2008, as modified, and incorporated herein by reference, the Arbitrator granted Claimant's Motion for Summary Judgment against Respondent American Scholar, Inc. ("American") and awarded Claimant the sum of $2,351,277.05 found to be due and owing to Claimant for goods sold and delivered.

1.2    In their Answering Statement Respondents asserted six affirmative defenses. The third, fourth and fifth were pleaded as set-off claims and have been dismissed under the Partial Final Award for their failure to file them as counterclaims. The sixth was settled by Stipulation in the form of an agreed sum of $15,000.00 owing by Claimant. This sum has been credited to Respondents in the Partial Final Award, as modified. The first of Respondents' defenses, that National is not a party in this proceeding, and the second, that there is no written agreement with National, are the subject of Claimant's and Respondents' respective Motions for Summary Judgment, as to which decision was reserved pending the evidentiary hearing.

1.3     An evidentiary hearing was held on June 10, 2008 at which testimony was given by Barry

        Rao, President and sole owner of American and National, exhibits were admitted as

        evidence and oral argument was presented by Counsel, on the issue of whether National

        is a proper party in this arbitration either by reason of the Agreement itself or by

        application of the "alter ego" or "corporate veil piercing" doctrines.

## II.    ISSUES

2.1     The issues remaining to be decided in this FINAL AWARD are (a) whether National,

        along with its affiliated company, American, is liable to Claimant, (b) the interest rate to

        be applied to the amount due to be paid to Claimant by Respondents hereunder, and

        (c) the treatment of attorneys' fees and costs.

## III.   DISCUSSION

3.1     The Arbitrator in the Partial Final Award ruled that he had the power under Article 15(1)

        of the ICDR's International Arbitration Rules to decide on the tribunal's own jurisdiction

        and the scope of the arbitration agreement. (See Partial Final Award at 3).

3.2     The essential facts relative to the issue of whether National is a proper party to this

        arbitration are clear and cannot be disputed.

3.3     The term "Distributor" under the Agreement is defined as "National Paper/American

        Scholar and/or Bharat Rao." Those persons agree to sell the products, and are so

        authorized by Claimant, "under the label National Paper/American Scholar."

        (Agreement, Arts. 1, 4). National and American agreed to buy from Claimant

        exclusively and not from another supplier in India. Control over the National and

        American "trademark" use is granted to both National and American. (Agreement,

        Art. 13).

2

3.4     Mr. Rao signed the Agreement on behalf of the "Distributor," namely on behalf of both American and National, notwithstanding that he is identified as President of American.

3.5     Mr. Rao, although not designated by Respondents (as required) as a witness at the hearing, was permitted by the Arbitrator to testify on their behalf. Mr. Rao, the sole owner and chief executive of the two companies, acknowledged that he was undecided at the time the Agreement was being negotiated as to which of American, National and Rao should in fact be the distributor of the products. He claimed that he discussed the matter with Claimant's Dilip Sampat, with whom he negotiated the Agreement, and that the failure to delete National and Rao was an oversight. He further argued that since he was identified on the Agreement as President of American, it was clearly the intention that only American would function as the Distributor.[1]

3.6     Mr. Rao's own testimony confirmed what the language of the Agreement clearly and expressly connotes, namely that Mr. Rao and Claimant envisaged that both American and National were to be parties. Rao testified that he wanted the flexibility to distribute the products under the name of either company or both companies. Moreover, an earlier contract among the parties, which was superseded by the Agreement, contained virtually identical provisions.

3.7     Respondents, in a draft letter to the federal district court, sought dismissal of the lawsuit instituted by Claimant by citing the arbitration clause in the Agreement and referring to

---

[1]     Respondents assert that the Agreement was drafted by Claimant and, accordingly, any ambiguity under the applicable law must be construed against the drafter. Each of Claimant and Respondents contended the other drafted the Agreement. Respondents further contend that the fact that the final Agreement was on Claimant's letterhead is additional proof that Claimant drafted the Agreement. Which of the parties in fact drafted the Agreement is not only in dispute but remains unresolved. Since the Agreement, however, is found to be sufficiently clear on its face, the issue is moot.

3

counterclaims that the defendants "anticipate interposing" in the arbitration.[2]
Respondents thereupon chose to proceed with the arbitration.

3.8    For the foregoing reasons National is found to be a party to the Agreement and as such is
directly liable along with American for any breaches thereof and liabilities therefrom.

3.9    This conclusion is further supported by Respondent's course of conduct in performing
under the Agreement. Although most products purchased from Claimant were in fact
marketed by American under its trademark, in 2005, at the direction of American's Gary
Shraft, Claimant prepared and shipped to American lined paper notebooks containing the
name "National Products" for which American, at its request, was invoiced.[3]

3.10    National's accounting records disclosed more than $2,000,000 as indebtedness to
Claimant. (Cl. Exh. 6). Respondents produced no documents from the books and records
of either American or National to refute National's accounts payable ledger evidencing
the aforesaid indebtedness.[4]

---

[2]    Cl. Exh. 4. Letter from Respondents' Counsel to Judge Block, April 2, 2007.

[3]    Cl. Exhs. C and D to its Statement of Undisputed Material Facts, April 15, 2008. If
Mr. Rao's testimony that American did not, and was not authorized, to use the National
brand is credited, it would follow that American's role in this transaction was performed
on behalf of National.

[4]    Respondents provided no documents to evidence any intercompany agreements or
transfers between National and American. Although Mr. Rao testified that National did
not sell paper products to American, this is belied by Respondents' 2005 consolidated
financial statements which note that "National sells notebooks, book covers and other
related items primarily to [American]" and, further, that "National acts as a purchasing
intermediary between [American's] primary supplier of finished goods and [American]
and is owned 100% by [American's] shareholder." Cl. Exh. 9, notes 1B and 13.
Mr. Rao, while insisting that National sold no products, but merely acted as payment
intermediary because of its so-called favorable banking relationship, was unable to
explain why, in 2005, National's accounting records disclosed more than $4,754,000 as
cost of goods sold and $322,000 as general and administrative expenses.

4

3.11 It is also undisputed that National, not American, paid for the products purchased from Claimant.[5]

3.12 Although National was incorporated as a separate legal entity, it was evident from the documentary and testimonial record in this arbitration that Mr. Rao, as sole owner and chief executive of American and National, paid no attention to corporate formalities, and failed to document intercompany transactions or respect corporate separateness or independence. American's employees were used as a matter of course by National, whose only employee was Mr. Rao. The record demonstrates that each company acts as the <u>alter ego</u> of the other,[6] as directed by Mr. Rao and as demonstrated by the scant accounting records produced by Respondents. The two companies shared office and warehouse space, accountants[7] and services.

3.13 The Arbitrator finds that Claimant failed to prove by a preponderance of the evidence that the conditions under which Mr. Rao agreed in November 2005 to pay Claimant 10% interest on its outstanding invoices were satisfied. Accordingly, Claimant is entitled to

---

[5] Mr. Rao testified that payments were made by National because it had a more favorable account with a bank than American had, which enabled Claimant to be paid more expeditiously and cheaply by wire transfer.

[6] Respondents' argument that Claimant was required to plead its <u>alter ego</u> or veil piercing theories to find Respondent National liable to it has no merit under ICDR rules or the applicable New York case law. <u>See, e.g., Mobius Management Systems, Inc.</u> v. <u>Technologie Software Concepts, Inc.</u>, No. 02 Civ. 29820 (RWS), 2002 U.S. Dist. LEXIS 17789 at *3 (S.D.N.Y Sept. 20, 2002).

[7] Respondents claim that the 2005 financial statements were "hearsay" and non-admissible is unavailing. They were prepared in detail with several explanatory notes by Mr. Rao's firm of certified public accountants. They presumptively represent the official accounts of American and its affiliates and are based on the "representation of management". Mr. Rao's testimony alone was insufficient to rebut the presumption of their accuracy, and Respondents chose not to produce the accountant(s) who prepared them.

pre-judgment interest at the rate of 9% per annum measured from the time of breach, that is, the time payment was due to Claimant on the unpaid invoices. At the Arbitrator's request Claimant submitted a statement (Cl. Exh. 14) prepared by an accountant, and which is accepted by the Arbitrator, that calculated interest, at 9% simple interest, from the dates on which the invoices were due.

3.14    The parties' counsel were requested to provide the Arbitrator with a statement evidencing its charges for legal fees and disbursements incurred in connection with this arbitration.

3.15    This proceeding is primarily based on claims asserted by Claimant for non-payment of invoices for products sold and delivered to Respondents, which Respondents admit was owing to Claimant. Respondents failed either to support their set-off claims with credible evidence or, to plead their set-off defenses as counterclaims, when given several opportunities to do so. Accordingly, the Arbitrator finds, after analyzing Claimant's detailed statement of fees and disbursements, that Claimant is entitled to an award for reasonable attorneys' fees and costs, as set forth below in paragraph V.

### IV.    CONCLUSION

4.1    The language of the Agreement together with the relevant excerpts from the transcripts of the deposition testimony of Bharat Rao and Dilip Sampat constitute presumptive evidence that National was a party to the Agreement and was treated as such by the actions of Mr. Rao and the books and records (to the extent produced by Respondents in response to numerous and repeated requests by Claimant) of Respondents.

4.2    Respondents failed by sufficient and credible evidence, let alone by a preponderance of the evidence, to overcome such presumption, either by documentary evidence or by the testimony of Mr. Rao, which was found by the Arbitrator to have been materially belied

6

by his companies' own books and records, to the extent produced in this proceeding, and certain of Claimant's exhibits.

4.3   The arbitrator further notes that Respondents were accorded numerous opportunities during the pendency of this case, which was filed on May 21, 2007, to produce documentary evidence to support is contentions and refute Claimant's claims. It failed to do so. Accordingly, the Arbitrator finds that National is liable, together with American, to Claimant, for all amounts found to be payable and awarded to Claimant hereunder.

V.   FINAL AWARD

By way of summary, the undersigned Arbitrator does hereby AWARD, as follows:

5.1   Respondent National shall pay Claimant the sum of $2,351,277.05 invoiced by Claimant and remaining unpaid by Respondents for goods sold and delivered.

5.2   Respondents shall pay to Claimant the sum of $451,207.05 as pre-Award interest on the amount set forth in § 5.1 above.

5.3   Respondents shall pay to Claimant, as post-Award interest at the rate of 9%, simple interest on any unpaid portion of the amounts owing under §§ 5.1 and 5.2 above from 30 days following the date of this Award.

5.4   Claimant's claim for reasonable attorneys' fees and costs against Respondents is granted to the extent of $100,000.00.

5.5   The administrative fees and expenses of the International Center for Dispute Resolution ("ICDR") totaling $11,500.00 are to be borne totally by Respondents, and the compensation of the Arbitrator totaling $27,640.50 shall also be borne by Respondent. Therefore, Respondents shall reimburse Claimant the sum of $39,140.50 representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant, upon demonstration that these incurred costs have been paid.

7

5.6    This Award is in settlement of all claims, counterclaims and motions submitted to this

arbitration. To the extent any such claim or motion is not specifically mentioned herein,

it is denied.

I hereby certify that, for purposes of Article 1 of the New York Convention of 1958 on the

recognition and enforcement of Foreign Arbitral Awards, this Final Arbitration Award was made

in New York, New York.

_Walter G. Gans_                _14 July 08_
Walter G. Gans                        Dated


STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

I, Walter G. Gans, do hereby affirm upon my oath as Arbitrator that I am the individual

described in and who executed this instrument, which is my Final Arbitration Award.

_Walter G. Gans_                _14 July 08_
Walter G. Gans                        Dated

# EXHIBIT - D



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

1633 Broadway
10th Floor
New York, NY 10019

| STMT DATE | AMOUNT DUE |
|---|---|
| 07/28/2008 | 1569.00 |

| CASE# |
|---|
| 50-155-T-00181-07 01 GIMI-R |

**Payment Due Upon Receipt**

## INVOICE/STATEMENT

Howard J. Rubin Esq.
Davis & Gilbert LLP
1740 Broadway
19th Floor
New York NY 10019

Representing Navneet Publications (India) Limited
Re: American Scholar, Inc.
    and National Paper Products, Inc.

---

**Please Detach and Return with Payment to the Above Address**     **Please Indicate Case No. on check**

---

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

1633 Broadway
10th Floor
New York, NY 10019

NAME   Howard J. Rubin Esq.
       Davis & Gilbert LLP
       1740 Broadway
       19th Floor
       New York NY 10019

Representing Navneet Publications (India) Limited
Re: American Scholar, Inc.
    and National Paper Products, Inc.

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 07/28/2008 | 50-155-T-00181-07 01 GIMI-R | 0.00 | 42779.00- | 44348.00 | 1569.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 05/31/2007 | 9467800 | Initial Administrative Fee | 8000.00 | | |
| 06/01/2007 | 10417 | Payment recvd from : coll ck/Davis & Gilbert LL{ | | 8000.00 - | |
| 10/02/2007 | 9527957 | Your Share of the Neutral Compensation Deposit covering 8 hours of Preliminary Matters | 1620.00 | | |
| 10/19/2007 | 12613 | Payment recvd from : coll ck/Davis & Gilbert LLP | | 1620.00 - | |
| 04/01/2008 | 9611282 | Case Service Fee | 3250.00 | | |
| 05/01/2008 | 15357 | Payment recvd from : coll ck/Davis & Gilbert LLP | | 3250.00 - | |
| 04/01/2008 | 9611306 | Your 50% Share of the Neutral Compensation Deposit covering 30 hours of Study | 6075.00 | | |
| 05/01/2008 | 15357 | Payment recvd from : coll ck/Davis & Gilbert LLP | | 6075.00 - | |
| 04/01/2008 | 9611308 | Your 50% Share of the Neutral Compensation Deposit covering 3 days of Hearing | 4860.00 | | |
| 05/01/2008 | 15357 | Payment recvd from : coll ck/Davis & Gilbert LLP | | 4860.00 - | |
| 05/14/2008 | 9631467 | Rental Fee for ICDR/AAA Hearing Room | 375.00 | | |
| 07/17/2008 | | Cancellation : End of Case Adjustment | | 375.00 - | |
| 07/17/2008 | | Reverse Cancellation : End of Case Adjustment | 375.00 | | |
| 05/19/2008 | 15577 | Payment recvd from : Reall., Chk# 000015577 | | 375.00 - | |

**Remarks:** For any inquiry please call: –
This is a final closing statement showing all amounts due by you on this case. Please pay the total balance due, as shown in this statement

| TOTAL BALANCE DUE | 1569.00 |
|---|---|

Please Indicate Case No. on check

| INVOICE SUMMARY: | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|
| INITIAL/COUNTER-CLAIM FEES | 11250.00 | 11250.00 | 0.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 750.00 | 750.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 29279.00 | 27710.00 | 1569.00   EIN: 13-0429745 |

#2

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

1633 Broadway
10th Floor
New York,NY 10019

| STMT DATE | AMOUNT DUE |
|---|---|
| 07/28/2008 | 1569.00 |

| CASE# |
|---|
| 50-155-T-00181-07 01 GIMI-R |

**Payment Due Upon Receipt**

## INVOICE/STATEMENT

Howard J. Rubin Esq.
Davis & Gilbert LLP
1740 Broadway
19th Floor
New York NY 10019

Representing Navneet Publications (India) Limited
Re: American Scholar, Inc.
and National Paper Products, Inc.

**Please Detach and Return with Payment to the Above Address        Please Indicate Case No. on check**

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

1633 Broadway
10th Floor
New York,NY 10019

NAME    Howard J. Rubin Esq.
Davis & Gilbert LLP
1740 Broadway
19th Floor
New York NY 10019

Representing Navneet Publications (India) Limited
Re: American Scholar, Inc.
and National Paper Products, Inc.

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 07/28/2008 | 50-155-T-00181-07 01 GIMI-R | 0.00 | 42779.00- | 44348.00 | 1569.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 05/19/2008 | 15577 | Reall., Chk# 000015577 | 375.00 | | |
| 05/19/2008 | 15577 | Payment recvd from : coll ck/Davis & Gilbert LLP | | 375.00 - | |
| 05/15/2008 | 9632189 | Opposing Party's 50% Share of the Neutral Compensation Deposit covering 8 hours of Preliminary Matters | 1620.00 | | |
| 05/19/2008 | 15577 | Payment recvd from : coll ck/Davis & Gilbert LLP | | 1620.00 - | |
| 05/15/2008 | 9632190 | Opposing Party's 50% Share of the Neutral Compensation Deposit covering 30 hours of Study | 6075.00 | | |
| 05/19/2008 | 15577 | Payment recvd from : coll ck/Davis & Gilbert LLP | | 6075.00 - | |
| 05/15/2008 | 9632191 | Opposing Party's 50% Share of the Neutral Compensation Deposit covering 3 days of Hearing | 4860.00 | | |
| 05/19/2008 | 15577 | Payment recvd from : coll ck/Davis & Gilbert LLP | | 4860.00 - | |
| 05/15/2008 | 9632192 | Opposing Party 50% Share of Rental Fee for AAA Hearing Room | 375.00 | | |
| 07/17/2008 | | Reverse Cancellation : End of Case Adjustment | 125.00 | | |
| 07/17/2008 | | Cancellation : End of Case Adjustment | | 125.00 - | |
| 05/19/2008 | 15577 | Payment recvd from : Reall., Chk# 000015577 | | 125.00 - | |
| 05/19/2008 | 15577 | Payment recvd from : coll ck/Davis & Gilbert LLP | | 375.00 - | |
| 05/19/2008 | 15577 | Reall., Chk# 000015577 | 125.00 | | |

**Remarks:** For any inquiry please call: --
This is a final closing statement showing all amounts due by you on this case. Please pay the
total balance due,as shown in this statement

| TOTAL BALANCE DUE | 1569.00 |
|---|---|

Please Indicate Case No. on check

| INVOICE SUMMARY: | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|
| INITIAL/COUNTER-CLAIM FEES | 11250.00 | 11250.00 | 0.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 750.00 | 750.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 29279.00 | 27710.00 | 1569.00  EIN: 13-0429745 |

#3

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

1633 Broadway
10th Floor
New York,NY 10019

| STMT DATE | AMOUNT DUE |
|---|---|
| 07/28/2008 | 1569.00 |

| CASE# |
|---|
| 50-155-T-00181-07 01 GIMI-R |

**Payment Due Upon Receipt**

## INVOICE/STATEMENT

Howard J. Rubin Esq.
Davis & Gilbert LLP
1740 Broadway
19th Floor
New York NY 10019

Representing Navneet Publications (India) Limited
Re: American Scholar, Inc.
  and National Paper Products, Inc.

---

**Please Detach and Return with Payment to the Above Address**        **Please Indicate Case No. on check**

---

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

1633 Broadway
10th Floor
New York,NY 10019

**NAME**    Howard J. Rubin Esq.
Davis & Gilbert LLP
1740 Broadway
19th Floor
New York NY 10019

Representing Navneet Publications (India) Limited
Re: American Scholar, Inc.
  and National Paper Products, Inc.

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 07/28/2008 | 50-155-T-00181-07 01 GIMI-R | 0.00 | 42779.00- | 44348.00 | 1569.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 07/09/2008 | 9656301 | Your 50% Share of the Neutral Compensation Deposit covering 7 hours of Study | 1300.00 | | |
| 07/10/2008 | 16288 | Payment recvd from : coll ck/Davis & Gilbert LLP | | 1300.00 - | |
| 07/09/2008 | 9656303 | Opposing Party's 50% Share of the Neutral Compensation Deposit covering 7 hours of Study | 1300.00 | | |
| 07/10/2008 | 16288 | Payment recvd from : coll ck/Davis & Gilbert LLP | | 1300.00 - | |
| 07/11/2008 | 9657932 | Opposing Party's 50% Share of the Neutral Compensation Deposit covering 8 hours of Preliminary Matters | 1569.00 | | |
| 07/17/2008 | | Cancellation : End of Case Adjustment | | 1569.00 - | |
| 07/22/2008 | | Reverse Cancellation : End of Case Adjustment | 1569.00 | | |
| 05/19/2008 | 15577 | Payment recvd from : Reall., Chk# 000015577 | | 125.00 - | |
| 05/19/2008 | 15577 | Payment recvd from : Reall., Chk# 000015577 | | 375.00 - | |
| 05/19/2008 | 15577 | Reall., Chk# 000015577 | 125.00 | | |
| 05/19/2008 | 15577 | Reall., Chk# 000015577 | 375.00 | | |
| | | | | | 1569.00 |

**Remarks:** For any inquiry please call: --
This is a final closing statement showing all amounts due by you on this case. Please pay the
total balance due,as shown in this statement

| TOTAL BALANCE DUE | 1569.00 |
|---|---|

**Please Indicate Case No. on check**

| INVOICE SUMMARY: | | NET BILLED | NET PAID | NET DUE | |
|---|---|---|---|---|---|
| | INITIAL/COUNTER-CLAIM FEES | 11250.00 | 11250.00 | 0.00 | |
| | HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 750.00 | 750.00 | 0.00 | |
| | REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 | |
| | NEUTRAL COMPENSATION/EXPENSES | 29279.00 | 27710.00 | 1569.00 | EIN: 13-0429745 |